UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

GERALD WALTERS,

                Plaintiff,                              Case No. 1:08-cv-688

v.                                            Honorable Paul L. Maloney

CINDI S. CURTIN et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.       Factual allegations

Plaintiff is currently incarcerated at Oaks Correctional Facility (ECF). In his *pro se* complaint, he sues Warden Cindi S. Curtin, Resident Unit Manager (RUM) (Unknown) Picardat, and Grievance Coordinator M. E. McDonald.  Plaintiff states in his complaint that he was assigned to the "General Population" housing unit at ECF and was authorized to spend 90 minutes in the yard to participate in recreation activity.  (Compl. at 2-3, docket #1.)  He had been granted special accommodations because of a bowel and bladder disorder.  He asserts that there were "no sufficient toilets, or washbasin and water fountain." (*Id.* at 3.)  On December 6, 2007, Plaintiff was in the yard and had "an uncomfortable feeling [a need] to urinate."  Plaintiff alleges that Defendant Picardat was not as his post, so he could not ask to use the toilet.  (*Id.*)  Therefore, Petitioner "started to urinate in the yard." (*Id.*)  While Plaintiff was urinating, Defendant Picardat returned and witnessed Plaintiff urinating in the yard.  Therefore, Defendant Picardat gave Plaintiff a "sexual major misconduct." (*Id.*)  Plaintiff filed a grievance regarding Defendant Picardat's alleged "dereliction of duty," and appealing the major misconduct.  (Supp. at 5-8, docket #4.)  Plaintiff sues Defendants Curtin and McDonald for denial of his grievance and appeals.  (Compl. at 3.)

Plaintiff asserts that this incident subjected him to cruel and unusual punishment in violation of his rights under the Eighth Amendment.  (Compl. at 2.)  Plaintiff seeks from each Defendant $50,000.00 in compensatory and $10,000.00 in punitive damages.  Plaintiff further requests the appointment of an attorney, attorney fees and costs of this litigation, and transfer to a different correctional facility.  (*Id.* at 4.)  For the following reasons, Plaintiff's complaint should be dismissed for failure to state a claim.

II.      Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## A.      Defendant Picardat

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'" *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348.

Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Allegations about temporary inconveniences, e.g., being deprived of a lower bunk, subjected to a flooded cell, deprived of a working toilet do not demonstrate that the conditions fell beneath the minimal civilize measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see also J.P. v. Taft*, 439 F.Supp.2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim." (internal citation omitted)). Plaintiff was only in the yard for a 90-minute period. (Compl. at 2-3.) The fact that Defendant Picardat was not at his post at the moment Plaintiff decided that he needed to urinate is insufficient, by itself, to state a claim under the Eighth Amendment. *See Hartsfield v. Vidor,* 199 F.3d 305, 310 (6th Cir. 1999) (stating that "deprivations of fresh water and access to the toilet for a 20-hour period, while harsh, were not cruel and unusual punishment" (citing *Stephens v. Carter County Jail*, 816 F.2d 682 (6th Cir. 1987)). "Dereliction of duty" is not a constitutional violation.

The only other allegation against Picardat is that he unjustly wrote a major misconduct charge against plaintiff. A prisoner facing misconduct charges is entitled to the due process protections outlined by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974). These include notice, an opportunity to be heard, and an impartial fact finder. 418 U.S. at 563-67. A prison inmate is not denied due process by being unjustly accused of violating prison rules, as long as the inmate is afforded the due process rights guaranteed in *Wolff*. *See Jackson v. Malin*, 61 F.

App'x 131 (6th Cir. 2003) ("prisoner has no constitutional right to be free from false accusations of misconduct"); *Freeman v. Rideout*, 808 F.2d 949 (2d Cir. 1986).

**B.     Defendants Curtin and McDonald**

Plaintiff's only allegations against Defendants Curtin and McDonald are that they denied the appeals of his grievance filed against Defendant Picardat.  (Compl. at 3.)   The Sixth Circuit held that where the defendant's only involvement in the allegedly unconstitutional conduct is "the denial of administrative grievances or the failure to act," the defendant cannot be liable under § 1983.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  The reason is that there must be active unconstitutional behavior.  Failing to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior by a person who merely denies an administrative grievance.  *Id.*  Also, in unpublished decisions, the Sixth Circuit has held that a prisoner's allegation that a defendant improperly denied a grievance is not a claim of constitutional dimension because there is "no inherent constitutional right to an effective prison grievance procedure."  *See Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000); *Lyle v. Stahl*, No. 97-2007, 1998 WL 476189, at *1 (6th Cir. Aug. 3, 1998); *see also Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994) (no constitutional right to a grievance procedure).  In light of the foregoing authority, Plaintiff's allegations that Defendants Curtin and McDonald improperly denied his grievance appeals fail to state a claim of constitutional dimension.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C.

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be

adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the

meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.

1997).

Dated:   September 2, 2008                            /s/  Joseph G. Scoville
                                                      United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of
service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and
responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections
may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th
Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).