UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GERALD WALTERS #129709, | Case No. 1:08-cv-688 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Scoville |
| CINDI S. CURTIN *et al.*, | |
| Defendants. | |

**Order**
**Overruling the Plaintiff's Objection and Adopting the R&R;**
**Dismissing the Complaint for Failure to State a Claim;**
**Terminating the Case**;
**Denying a Certificate of Appealability**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the Honorable Joseph G. Scoville, United States Magistrate Judge, for a Report and Recommendation ("R&R"). Magistrate Judge Scoville issued the R&R on September 2, 2008, and Walters filed objections on September 19, 2008.

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, FED. R. CIV. P. 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See also* W.D. MICH. LCIVR 72.3(b). The court calculates the ten-day period as prescribed by FED. R. CIV. P. 6(a),

excluding weekends and legal holidays. The court then adds three days for delivery of the R&R by U.S. mail, and another three days for delivery of the objections by U.S. mail. Accordingly, the court finds that Walters' objections were timely.[1]

The court finds the R&R to be well-reasoned and is unconvinced by the plaintiff's objections. For the reasons explained by the R&R, Walters' complaint must be dismissed for failure to state a claim.

First, defendant Picardat did not violate the Eighth Amendment prohibition on cruel and unusual punishment by failing to be available to give Walters access to a toilet during Walters' 90-minute period in the yard. "[T]he Eighth Amendment does not require that prisoners enjoy immediately available and flushable toilets." *Abdur-Reheem-X v. McGinnis*, No. 99-1075, 198 F.3d 244, 1999 WL 1045069 (6th Cir. Nov. 12, 1999) (p.c.) Keith, Norris, Clay) (citing *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992)). *See, e.g.,* holding that inmate failed to state an Eighth Amendment claim related to toilet access: *Dells v. Corrections Corp. of America*, 257 F.3d 508, 511-12 (6th Cir. 2001) (prison deprived inmate of a lower bunk, subjected him to a flooded cell, and deprived him of a working toilet for an unspecified period of time); *Tate v. Campbell*, 85 F. App'x 413, 417 (6th Cir. 2003) (Batchelder, Rogers, D.J. Russell) (preventing access to toilet for three hours, causing prisoner to experience an uncomfortably full bladder but not soil himself); *Abdur-Reheem-X*, 1999 WL 1045069 (prison assigned inmate a cell without a toilet, requiring him to wait until guard made the rounds every half-hour and ask permission to be escorted to a toilet, but the

---

[1] Under W.D. MICH. LCIVR 72.3(b), the defendants had fourteen days from service of the objection to file a response thereto. Under FED. R. CIV. P. 6, the fourteen days began the day after the defendants were served. Because the period is longer than ten days, FED. R. CIV. P. 6 directs the court to include weekends and holidays. By any reckoning, the fourteen days have elapsed, and the defendants neither filed a response nor sought an extension of time in which to do so.

evidence showed that he was given the opportunity to go to a toilet when he asked); *Rivers v. Pitcher*, No. 95-1167, 68 F.3d 475, 1995 WL 603313 (6th Cir. Oct. 11, 1995) (Kennedy, Moore, D.J. Johnstone) (inmate was allowed to use the toilet every two hours); *Williams v. Bond*, 2007 WL 1712613, *2 (W.D. Mich. June 12, 2008) (Bell, C.J.) (denial of one-time request to leave the day room to use the toilet).[2] [3]

Second, defendant Picardat's alleged unjust writing of a false major-misconduct charge against Walters cannot constitute a substantive constitutional violation, and Walters has not alleged that the prison denied him the procedural due-process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). In addition to the decisions cited by the R&R, *see Riley v. Church*, Nos. 95-1192 and 95-1193, 81 F.3d 161, 1996 WL 145846, *2 (6th Cir. Mar. 29, 1996) (p.c.) (Krupansky,

---

[2]

*Accord Heitschmidt v. City of Houston*, 161 F.3d 834, 837-38 (5th Cir. 1998) (complete prohibition on use of toilet cannot amount to a constitutional violation where it lasts only four hours);

*Wilkins v. Ahern*, 2008 WL 4542413, *6 (N.D. Cal. Oct. 6, 2008) ("Here, plaintiff's allegations that he was placed in a cell with a clogged toilet for six hours . . . do not rise to the level of an Eighth Amendment violation.") (citations omitted);

*Owens v. Padilla*, 2008 WL 3916068, *4 (N.D. Cal. Aug. 22, 2008) ("Plaintiff's confinement in the barbershop room without a toilet for approximately six hours . . . would not, without more, implicate the Eighth Amendment.") (citations omitted).

[3]

The facts here are nowhere near as extreme as the prison guards' conduct in *Hope v. Pelzer*, 536 U.S. 730 (2002), where the deprivation of toilet access was far longer (seven hours instead of one and a half hours) and was accompanied by much other mistreatment. There, the Supreme Court held that an inmate was subjected to cruel and unusual punishment, in violation of the Eighth Amendment, when guards handcuffed him to a hitching post for seven hours for disruptive behavior, despite his already having been subdued, when they knew that posed a substantial risk of physical harm, unnecessary pain caused by the handcuffs and the restricted position, unnecessary exposure to the heat of the sun after he was required to remove his shirt, prolonged thirst when given water only once or twice, taunting by a guard who deliberately spilled water nearby, and a deprivation of bathroom breaks that risked particular discomfort and humiliation. *Id.* at 733-38.

Ryan, Norris) (affirming summary judgment for defendants against prisoner's 42 U.S.C. § 1983 complaint; "A prisoner has no constitutional right to be free of false accusations of misconduct.") (citing *Freeman*, 808 F.2d at 951); *Davis v. MDOC*, 2008 WL 275673, *5 (E.D. Mich. Jan. 30, 2008) (Victoria Roberts, J., adopting R&R of Charles Binder, U.S.M.J.).[4]

Third, the Magistrate Judge correctly held that defendants Curtin and McDonald cannot be liable under section 1983 for denying Walters' grievance against defendant Picardat, because "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Moore v. Michigan*, 2008 WL 724151, *4 (W.D. Mich. Mar. 17, 2008) (Jonker, J.) (quoting *Shehee*, 199 F.3d at 300). *See, e.g., Kennedy v. Bergh*, 2008 WL 3539773, *3 (W.D. Mich. Aug. 12, 2008) (Bell, J.) (following *Shehee* and dismissing § 1983 retaliation claim against prison official, court stated, "Plaintiff has merely alleged that he appealed his administrative grievances to Defendant Bergh and that Defendant Bergh ignored and condoned the fabricated and *pro forma* evaluations."); *Moore v. MDOC*, 2007 WL 3124649, *3-4 (W.D. Mich. Oct. 25, 2007)

---

[4]

*Accord Cabassa v. Gummerson*, 2008 WL 4416411, *6 n.23 (N.D.N.Y. Sept. 24, 2008) ("A prisoner enjoys no constitutional right against being issued an administrative segregation recommendation that turns out to be false.") (citing, *inter alia*, *Ciaprazi v. Goord*, 2005 WL 3531464, *13 (N.D.N.Y. Dec. 22, 2005) ("It is well established that in the absence of other aggravating factors, an inmate enjoys no constitutional right against the issuance of a false misbehavior report."));

*Martin v. Cornell Cos., Inc.*, 2007 WL 2111355, *5 (W.D. Okla. July 19, 2007) ("[T]he plaintiff alleges issuance of a false rule infraction. But fabrication of the disciplinary charge would not create a due process violation . . . .") (citing, *inter alia*, *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989));

*Melendez v. Wilson*, 2006 WL 2621083, *1 (S.D.N.Y. Sept. 12, 2006) (noting that prior order "dismissed plaintiff's claims based on the alleged filing of false misbehavior reports, citing cases establishing that, in the absence of a retaliatory motive or a lack of due process, an inmate has no constitutional right to be free from being falsely or wrongly accused of misconduct, even if that results in his being deprived of a protected liberty interest").

(Quist, J.) (dismissing section 1983 claim against prison official for allegedly failing to act after being made aware that deputy warden and chief prison psychologist had wrongly transferred plaintiff to another prison).

More broadly, even if Curtin and McDonald's denial of Walters' grievance was improper, that cannot constitute a constitutional violation, because "a prisoner has no constitutional right to any effective grievance procedures or access to any such procedure voluntarily established by the state." *Irving v. Masker*, 2008 WL 2224262, *2 (W.D. Mich. May 28, 2008) (Richard Alan Edgar, J.) (citing, *inter alia*, *Hewitt v. Helms*, 459 U.S. 460, 467 (1983) and *Carpenter v. Wilkinson*, No. 99-3562, 205 F.3d 1339, 2000 WL 190054, *2 (6th Cir. Feb. 7, 2000) (p.c.) (Merritt, Siler, Moore)).

**ORDER**

Accordingly, having reviewed the petition, the R&R, and the plaintiff's objection to the R&R, the court **OVERRULES** the objection [doc. #6] and **ADOPTS** the R&R [doc. #5].

The complaint is **DISMISSED.**

This dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

This case is **TERMINATED.**

**This order is final, but it is not appealable** because there is no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See Jarvis*, 2008 WL 441391 at *3 and *Westbrook*, 2007 WL 3462337 at *4 (both citing *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997)).[5]

Further, a certificate of appealability **SHALL NOT ISSUE** from this court, because the

---

[5] *See also Matthews*, 2008 WL 205207 at *3 (Jonker, J.) (citing *McGore*);
*Floyd*, 2008 WL 59167 at *1 (citing *McGore*);
*Taylor*, 2007 WL 4557852 (Miles, J.) (citing *McGore*).

petitioner has not made "'a substantial showing of the denial of a federal constitutional right.'" *Taylor v. Sampson*, 2008 WL 2923435, *3 (W.D. Mich. July 25, 2008) (quoting *Harbison v. Bell*, 503 F.3d 566, 568 (6th Cir. 2007), *cert. granted o.g.*, – U.S. –, 128 S.Ct. 2959 (2008) (Nos. 07-8520 & 07-8521)). "This is because [the petitioner] 'has not demonstrated that reasonable jurists could disagree with the district court's resolution of his constitutional claims' or that jurists could conclude that the issues raised are 'adequate to deserve further review.'" *Taylor*, 2008 WL 2923435 at *3 (quoting *Harbison*, 503 F.3d at 569 (citing *Banks v. Dretke*, 540 U.S. 668, 705 (2004))).

**IT IS SO ORDERED this 23rd day of October 2008.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge